## CROWLEY et al. *v.* COPLEY.

2b 329
48 853

The laws requiring levées to be made on lands lying on the Mississippi river, are not laws imposing a tax within the meaning of the third section of the act of Congress of 20 February, 1811, exempting lands sold by Congress from any tax imposed under the authority of the State government, for five years from the date of the sale.

CROWLEY
v.
COPLEY.

The 6th section of the statute of 16 February, 1842, authorizing parish judges to discharge the duties of district judges in certain cases, declaring that its provisions shall not apply to districts in which the circuit system exists, and the statute of 26 March of the same year having established that system from the 1 January, 1843, in the district embracing the parish of Concordia, an order of seizure and sale issued since that date by the parish judge of that parish, acting instead of the district judge, is a mere nullity.

APPEAL from the District Court of Concordia, *Curry*, J. *Rowley*, *Frost* and *Sanders*, for the appellants. *Shannon* and *Dunlap*, for the defendant. The judgment of the court was pronounced by

ROST, J. The making of a levée on the defendant's land was adjudicated to the plaintiffs, under the act of 1842. The inspector of the district testifies that the levée was made in conformity with the conditions of the adjudication, and that he accepted it ; that it was 165½ rods in length ; and that the plaintiffs were to receive $2 62½ per rod, making the total sum of $434 43¾. The defendant having failed to pay this sum the plaintiffs proceeded *in rem* against the land, and obtained an order of seizure, under which it was ultimately sold and adjudicated to the plaintiffs. These parties then applied for a monition, and the defendant appeared on that application and made opposition to the sale on many grounds, two of which only deserve to be noticed.

1st. He calls the regulation by which owners of land on the banks of the Mississippi are compelled to make and keep up levées a law imposing a tax, and maintains that this land, having been purchased by him from the United States, within the five years that preceded the making of the levée, neither the police jury, nor the legislature, had power to impose that tax upon the land.

2d. It is proved that, in the absence of the district judge, the judge of the parish in which the land is situated granted the order of seizure, under the provisions of an act approved Feb. 16, 1842. The defendant contends that so far as that parish was concerned, that power was taken away from the parish judge after the 1st day of January, 1843, by an act of the 26th March, passed during the same session of the Legislature (1842).

The first ground is untenable. The laws requiring levées to be made along the Mississippi river, are not laws imposing taxes within the intent and meaning of the act of Congress relied on by the defendant.

The second ground, we consider, well taken. After the 1st January, 1843, the parish judge of the parish of Concordia had no authority to represent the district judge in any case, and the order of seizure, under which the land in controversy was sold, was an absolute nullity.

The court below gave judgment in favor of the defendant, and the only modification required is, to reserve the rights of the plaintiffs for the sum due them for making the levée in front of the land.

It is therefore ordered that the judgment be so amended as to reserve the right of the plaintiffs to recover from the defendant, or against the land in controversy, the sum of $434 43¾, with interest from the judicial demand, and privilege upon said land; and that the judgment as amended be affirmed, with costs.