Sheehan, Jr., v. The Good Samaritan Hospital.

*Appeal from St. Louis Circuit Court.*

*Davis & Bowman*, for appellant.

*E. C. Kehr*, for respondents.

———————•———————

JOHN SHEEHAN, JR., Respondent, *v.* THE GOOD SAMARITAN HOSPITAL, Appellant.

1. *Revenue — Corporation — Exemption from taxation — Street improvements, assessments for not taxes.* — Under its charter the Good Samaritan Hospital was "exempted from taxation of every kind." *Held*, that the exemption did not cover special assessments against the property for improvements of the street fronting it.

Taxes are charges or burdens imposed by the Legislature for public purposes, or to defray necessary expenses of government. But such assessment is not considered as a burden, but as an equivalent or compensation for the enhanced value which the property derives from the improvement.

*Appeal from St. Louis Circuit Court.*

*Gardner*, for appellant.

I. The charge being for the proportionate cost of a large amount of work extending over several blocks and far beyond the boundary of the property, instead of the actual cost of the work in the immediate front or vicinity of the property, the benefit must be a general and not a special one.

II. The so-called assessment being absolute and independent of any knowledge, assent or consent on the part of defendant, can only be made by virtue of the taxing power of the government, State and municipal; it is a taxation, and therefore embraced in the exemption clause of appellant's charter. That such an assessment is an exercise of the power of taxation vested in the government, see People v. City of Brooklyn, 4 Comst., N. Y., 419; Brewster v. City of Syracuse, 19 N. Y. 116; Garrett v. City of St. Louis, 25 Mo. 505.

III. If the assessment is a benefit, and a recovery is sought on that ground, it is pertinent to inquire who are the beneficiaries and who ought to pay. The directors, managers or contributors cannot receive or be benefited a dollar, even if the property in question is increased in value a hundred-fold. The corporation itself has nothing, nor does its property consist of anything except the accumulated charitable contributions of the benevolent. The judgment, if recovered, must and can only be paid by the voluntary contributions of the public, or else substituted from contributions already made for the relief and support of sick paupers. A charity is no part of the means of the donor, or of the mere custodian of the barren title. It is of no pecuniary profit or appreciable value to the nominal owner. It is not, therefore; a fit subject of taxation or assessment for benefits. (Louisville v. Commonwealth, 1 Duv., Ky., 295.)

*Grace*, for respondent.

The special tax bill sued on in this case is not a tax, but an assessment. Taxes are burdens or charges imposed upon per-

sons or property to raise money for public purposes; and assessments for city and village improvements are not regarded as burdens, but as an equivalent or compensation for the enhanced value which the property of the person assessed has derived from the assessment. (Sharp v. Speir, 4 Hill, 76; Inhabitants of Palmyra v. Morton, 25 Mo. 594; Lockwood v. City of St. Louis, 24 Mo. 21; Egyptian Levee Co. v. Hardin, 27 Mo. 496; 11 Johns. 77.)

The following subjects are exempt from taxation by law: Lands, etc., belonging to the United States; lands, etc., belonging to the State of Missouri; lands, etc., belonging to the county, the city, or to public schools. (Gen. Stat. 1865, ch. 11, § 2, p. 95; Wagn. Stat. 1160, § 5.) The United States owns in this city its custom-house and pays these special assessments; so does the State on its blind asylum in this city. (Laws of Mo. 1869, p. 205; id. 1871, p. 12.) The county pays for constructing streets around its court-house and other public buildings. The city of St. Louis pays for constructing the streets and district sewers adjoining her market-places, etc. (Laws of Mo. 1867, § 11, p. 76.) The public schools also pay for like improvements in front of their property. (St. Louis Public Schools v. City of St. Louis, 26 Mo. 468.)

WAGNER, Judge, delivered the opinion of the court.

The defendant's charter provides that the square or block, or part of a "square or block or tract, not exceeding ten acres, in the county of St. Louis, on which the corporation hereby chartered shall have or erect its hospital building, shall, so long and so far as occupied by the hospital yard or yards, walk or walks, garden or gardens of such hospital, together with all the furniture, beds and other hospital apparatus, be exempted from taxation of every kind." (Sess. Acts 1859, p. 326, § 5.) The ground upon which the hospital is erected lies within the city of St. Louis, and does not exceed ten acres, and the city made a special assessment against it for the improvement of the street on its front, and the payment was resisted for the sole reason that the charter exempted the property from taxation. The Circuit Court ruled

against the objection and gave judgment for the plaintiff on the tax bill founded on the assessment.

We think the judgment of the court below was clearly right. The taxation from which the defendant was exempted was for the ordinary taxes raised for the purposes of revenue. Taxes are charges or burdens imposed by the legislative power upon persons or property to raise money for public purposes, or to defray the necessary expenses in administering the government, and it was from taxes of this description that the Legislature intended to exempt defendant's property. The tax bill here sued on is not regarded as a tax, but as an assessment for improvements, and is not considered as a burden, but as an equivalent or compensation for the enhanced value which the property derives from the improvement. This question is well settled both in this State and elsewhere. (Lockwood v. The City of St. Louis, 24 Mo. 20; In the matter of the Mayor of New York, 11 Johns. 80; Northern Liberties v. St. Johns Church, 13 Penn. St. 107; Crowley v. Copley, 2 La. Ann. 329.)

Judgment affirmed. The other judges concur.