JOSIAH B. FRENCH *vs.* CITY OF LOWELL.

Middlesex.    Jan. 13. — March 1, 1875.    AMES & ENDICOTT, JJ., absent.

The assessment by a city, under the Gen. Sts. *c.* 48, § 4, of the benefit to an estate from which land is taken for the construction of a common sewer, includes such benefit only as is derived in common with the other estates drained thereby, and the peculiar benefit which is derived by the release of the owner's land from the maintenance of an ancient sewer for the convenience of the adjoining estates may be set off by the city in the assessment of the owner's damages for the taking of his land.

PETITION under the St. of 1869, *c.* 111, for a jury to assess damages for the taking of land by the respondent for the construction of a common sewer in Lowell.    At the trial before a sheriff's jury, there was evidence tending to show the following facts :

The respondent took, for the purpose aforesaid, under a resolution of the city council, a strip of the petitioner's land twenty feet wide, containing a little over three thousand square feet, situated between Railroad Street and the land of the Boston & Lowell Railroad Corporation.    An old watercourse which had existed, in use for drainage and sewerage by the abutters above, over twenty years, ran in from the back-lying territory along the opposite side of Railroad Street, and, crossing the street, ran along through this land of the petitioner, (crossing the course of the sewer,) on a line a few feet from the line on which the outlet sewer was afterwards constructed, and which watercourse, when the sewer was built, was turned into the same on Railroad Street before reaching French's land, and all drainage hitherto enjoyed by the adjoining landowners through the said watercourse was

turned into the sewer and passed through the same, and by the sewer through French's land, but not as it formerly had done that the back-lying territory was drained by this watercourse, and at times this watercourse had been choked up on French's land and had been cleaned out by other parties. Another sewer had recently been laid by the city along other land of French and others on Howard Street, and emptied into this sewer on Railroad Street, and the outlet sewer passed in Railroad Street along about one hundred feet of French's land before entering the same, and French had been legally assessed for his proportionate part of the expense of building the' Howard Street sewer, and also for his proportionate part of the expense of constructing the sewer through Railroad Street and his land.

The respondent offered evidence tending to show that from and after the building of said sewer, French would not be obliged to maintain the watercourse through his land, and contended that this was a benefit which should be considered in the way of set-off by the jury on the question at issue, and that the discontinuance of the old watercourse and drainage and supplying its place by the new sewer, gave French benefits which a jury might consider and allow, if they saw fit, in estimating the damage done the petitioner in constructing the sewer as aforesaid ; but the sheriff ruled that the jury could not consider any such benefits, and refused to admit any testimony thereof for that purpose; but all evidence offered, tending to show the condition of the land taken and other premises of French before the construction of the sewer and afterward, was admitted without objection, and evidence on that subject was offered on the part of the respondent and received.

The jury returned a verdict for the petitioner ; the verdict was certified to and accepted by the Superior Court, and the respondent appealed.

*D. S. Richardson & J. F. McEvoy*, for the respondent.

*A. P. Bonney*, for the petitioner.

DEVENS, J.   The benefit which the petitioner was adjudged to have received by the construction of a common sewer by the city of Lowell, was in the advantage it gave him for draining his cellar or land.   Gen. Sts. *c.* 48, § 4.   *Downer* v. *Boston*, 7 Cush. 277, 281.   It was a benefit similar to that enjoyed by all pro

prietors whose lands were or might be drained thereby, and the proportionate share which he paid towards the expense was a share proportioned to the value and extent of his land and the increased facility afforded to it for drainage. The adjudication was only that his estate was included in the class thus benefited and of the amount to be paid on that account by him ; no assessment could have been made for other benefits of a peculiar and different character.

When, therefore, a strip of his land was taken for the construction of the sewer, and he was entitled to damages therefor, " as in the case of the laying out of highways ; " Gen. Sts. c. 43, § 16 ; St. 1869, c. 111, § 3 ; there was to be allowed by way of set-off the benefit, if any, to his property derived from such construction, which was of a peculiar description and different from that for which he had been previously assessed.

The release of his land from the servitude to which it had been subject was of this character. By the turning of the watercourse into the new sewer, his land was relieved from the maintenance thereon of an ancient sewer for the drainage and sewerage of adjacent lands.

The ruling of the sheriff not having been in accordance with this view, the acceptance of a verdict based upon it was erroneous.                                        *Verdict set aside.*