BENJAMIN SNOW *vs.* CITY OF FITCHBURG.

Worcester. Oct. 3. — Dec. 4, 1883. FIELD & W. ALLEN, JJ., absent.

The assessment upon an estate, for the construction of a sewer by a city, is to be made according to the value of the land exclusive of buildings; and, in determining the amount of such assessment, the relative benefit which each estate on the line of the sewer may receive is immaterial.

PETITION for a jury to revise an assessment, laid upon the petitioner's estate by the city of Fitchburg, for the construction of a sewer. Trial in the Superior Court, before *Staples*, J., who directed a verdict for the respondent for the amount of the assessment, with interest; and reported the case for the determination of this court. If the rulings, which appear in the opinion, were correct, judgment was to be entered upon the verdict; otherwise, a new trial was to be ordered.

*G. A. Torrey & E. P. Loring*, for the petitioner.

*H. C. Hartwell*, for the respondent.

COLBURN, J. The objections to the rulings of the court, urged before us, in argument, were to the ruling that the assessment was to be made according to the value of the land exclusive of buildings, and to the ruling that the relative benefit which each estate on the line of the sewer might receive was of no consequence in determining the amount of the assessment to be laid on the petitioner's estate.

The ruling that the assessment should be made according to the value of the land exclusive of buildings, was in accordance with the decisions of this court. *Boston* v. *Shaw*, 1 Met. 130. *Downer* v. *Boston*, 7 Cush. 277. *Wright* v. *Boston*, 9 Cush. 233. In *Springfield* v. *Gay*, 12 Allen, 612, the assessment was made upon a valuation of the lands exclusive of buildings, and to this no objection was made.

The tax is not to be assessed according to the immediate necessity for drainage, but according to the opportunity for drainage when the owner may require it. As said in *Wright* v. *Boston*, *ubi supra*, " The potentiality of receiving a benefit from the sewer was the thing to be charged with the tax." It would be manifestly unjust, in making an assessment for a sewer, to value a lot worth $500, with a house upon it worth $5000, at $5500, and to value an

adjoining lot of the same size and value, but vacant, at $500, when within a few months the owner of the vacant lot might build a house upon it of greater value than the house on the adjoining lot, and require and enjoy equal facilities for drainage.

The ruling that the relative benefit which each estate on the line of the sewer might receive was of no consequence in determining the amount of the assessment to be laid on the petitioner's estate, was also in accordance with the decisions of this court. *Springfield* v. *Gay*, *ubi supra*.  *Workman* v. *Worcester*, 118 Mass. 168.  *Keith* v. *Boston*, 120 Mass. 108.  If there is any language of the court in the case of *French* v. *Lowell*, 117 Mass. 363, which, taken with the context, tends to support the contention of the petitioner that he was entitled to have the relative benefit to his estate and the other estates considered in the assessment, that language was used entirely incidentally.  That case was a petition for the assessment of damages for land taken for the purpose of constructing a sewer.  The assessment of the expense of the sewer had been previously made, and no question as to that was directly before the court.

We are of opinion that the rulings of the court below were right.                                  *Judgment on the verdict.*