## M. BLIVIS, Appellant, v. FRANKLIN INVESTMENT COMPANY, Respondent.

St. Louis Court of Appeals. Argued and Submitted April 2, 1917. Opinion Filed May 8, 1917.

1. **EVIDENCE: Admissibility of Declarations of Agent.** Statements made by an agent or employee of a corporation are not admissible in evidence against it, in the absence of a showing that it was

197 M. A.—24

within the scope of the authority of such agent or employee to make them.

2. **SPECIAL TAXBILLS:** ''Taxes.''  A special assessment for a local improvement is not within the denomination "taxes."

3. **BOND FOR DEED:** Real Estate: Equitable Title.  A bond for a deed, by which the vendor agrees to convey real estate to the vendee, upon payment of deferred payments on the purchase price, creates an equitable title in the vendee at the time of its execution.

4. **COVENANTS:** Bond for Deed: Covenant Against Incumbrances: Special Taxbills.  A covenant against incumbrances, which a bond for a deed provides shall be included in the deed to be executed when all the purchase price has been paid, covers only incumbrances existing at the date of the bond or thereafter imposed on the land by the act of the vendor, and tending to depreciate its value, and does not cover assessments for street improvements thereafter initiated, which presumably enhanced the value of the property.

Appeal from St. Louis City Circuit Court.—*Hon. William T. Jones*, Judge.

AFFIRMED.

*Max G. Baron* for appellant.

(1)  The rule is of long standing and elementary that in the interpretation of a contract, its words must be taken in their common, ordinary and usual sense, and when they are free from ambiguity and uncertainty, there is no room for construction.  The courts cannot make contracts for parties and can only interpret and enforce such agreements as the parties have seen fit to make.  Frye v. Shepherd, 173 Mo. App. 207; Johnson v. Dalrymple, 140 Mo. App. 241; Maginn v. Lancaster, 100 Mo. App. 7.  (2)  The contracts were made, entered into and were to be executed with reference to property located in the city of St. Louis, over which the city exercised certain powers, in connection with the making of streets, and, therefore, said contracts became subject to and were governed by its laws or ordinances covering the manner of constructing streets as though the ordinances were actually embodied in the contract,

and required a strict compliance with the same. Minor's Conflict of Laws (1901) sec. 186, page 459; Schuler v. Ins. Co., 191 Mo. App. 66; Cravens v. Ins. Co., 148 Mo. 559; Haven v. Ins. Co., 141 Mo. App. 291; Whittaker v. Ins. Co., 133 Mo. App. 669; City of St. Louis v. Gleason, 93 Mo. 33, 37. (3) The covenant that defendant would make a macadam, rip-rap foundation street carried with it the implied warranty that it would be a reasonably serviceable street of that character and would fulfill the requirements and uses to which streets are put. Lawson on Contracts (2 Ed.), secs. 61 to 64, pp. 76-79; Printing & Mfg. Co., v. Cutlery Co., 143 Mo. App. 523; New Birdsell Co. v. Keys, 99 Mo. App. 458; Skinner v. Glass Co., 103 Mo. App. 650. (4) Defendant admitted that Goldberg was in its employ at the time of the alleged making of the street, and the nature and scope of his employment being an issue of facts in the case on which the evidence was in conflict, the court should have, therefore admitted his statements and representations made in reference to the making of the street. Hill Bros. v. Seneca, 100 Mo. App. 134; Sisk v. Ins. Co., 95 Mo. App. 695, 711, 712; Thompson v. Railroad Co., 59 Mo. App. 37; Hampton v. Car. Co., 42 Mo. App 134; Hawk v. Applegate, 37 Mo. App. 32; Peck v. Ritchey, 66 Mo. 114. (5) There is a broad distinction, and one of universal recognition, between the foundation upon which the right of general taxation is based, and that which supports the right of local assessments. Taxes are charges or burdens imposed by the legislative power upon persons or property to raise money for public purposes, or to defray the necessary expenses of administering the government, whereas special assessments are levied for local improvements to pay for benefits accruing to the person or property. Corrigan v. Kansas City, 211 Mo. 608, 625; Field v. Kansas City, 211 Mo. 602; Hemann Constr. Co. v. Railroad Co., 206 Mo. 172, 179; Kansas City v. Bacon, 157 Mo. 450; Johnson v. Dalrymple, 140 Mo. App. 232; Land & Imp. Co. v. Campbell, 65 Mo. App. 109, 113. (6) A covenant against incumbrances in a conveyance of land is a guaranty against the existence of any charge

upon it which will compel the grantee to pay money to retain the land. Duffy v. Sharp, 73 Mo. App. 322. (7) Special assessments for improving streets are liens and incumbrances and not taxes in the proper and ordinary sense or use of that term, and do not come within the exceptions of a covenant against incumbrances in a warranty deed such as "except as to taxes for the year 1905 and thereafter." Johnson v. Dalrymple, 140 Mo. App. 241 and cases there cited; Land & Imp. Co. v. Campbell, 65 Mo. App. 113. (8) The special tax assessments became and were incumbrances from the date of their issuance, to-wit: October 24, 1910, one year prior to the time that defendant was to convey the lots to the plaintiffs; therefore, plaintiffs were entitled to have the property conveyed to them by the defendant on November 1, 1911, free and clear from all incumbrances, except taxes for the year 1905 and thereafter. Everett v. Marston, 186 Mo. 593-603-606-607; Wyatt v. Dunn, 93 Mo. 463; Walker v. Deaver, 79 Mo. 664; Ward v. Ashbrook, 78 Mo. 515; Blossom v. Van Court, 34 Mo. 390; Johnson v. Dalrymple, 140 Mo. App. 239; Duffy v. Sharp, 73 Mo. App. 316; Barnhart v. Hughes et al., 46 Mo. App. 318, 322; Winningham v. Pennock, 36 Mo. App. 688; Taylor v. Priest, 21 Mo. App. 688; White v. Stevens, 13 Mo. App. 240. (9) Plaintiffs are entitled to a recovery of damages for failure to make proper rip-rap foundation macadam street and for sums paid by them to remove incumbrances. Bohlake v. Buchanan, 94 Mo. App. 320.

*Sturdevant & Sturdevant* for respondent.

The bonds for deed show upon their face that on the 1st day of August, 1905, the respondent sold to the respective plaintiffs the tracts of ground described in the bonds for deed. These bonds expressly gave to the plaintiffs the right to sell the properties leaving nothing to be done on the part of plaintiffs to complete the transaction except to make the deferred payments upon the purchase prices and nothing to be done on the part of respondent except to execute a warranty deed on the completion of the payments. The beneficial interest in the properties

passed at once to plaintiffs on the execution of the bonds and they became at that time vested with all the rights of owners in the property. The special assessment that was levied by the city of St. Louis upon this property years thereafer for the making of a street upon which the property abutted, is an obligation that falls upon the owners of the property. This is true under the charter as well as under the general principle that a covenant against encumbrance does not include special assessments levied subsequently. Sheehan v. Good Samaritan Hosp., 50 Mo. 155; Johnson v. Dalrymple, 140 Mo. App. 232, 243; Land & Imp. Co. v. Campbell, 65 Mo. App. 109; Everett v. Marston, 186 Mo. 603.

REYNOLDS, P. J.—The petition upon which this case was tried is in two counts, the first for damages accruing to plaintiff by being deprived of the possession, use, benefit and enjoyment of his property by reason of the insufficient construction of a street in front of the premises; the second praying for the repayment of $121.88 paid out by him on a special tax bill and for specific performance of a contract for the conveyance to plaintiff by the defendant of a certain city lot in the city of St. Louis. There was a finding and judgment for defendant on both counts.

By a certain instrument, of date August 1, 1905, the defendant, respondent here, entered into a contract with plaintiff in the form of a bond for a deed, as it is called, the initial clause of which recites that defendant "has this day sold to M. Blivis" certain real estate in the city of St. Louis described for the total sum and price of $491, of which amount, it is recited, Blivis has paid in cash $37.50, receipt of which is acknowledged, the balance, $453.50, together with interest at the rate of five per cent. per annum, to be paid in seventy-five equal monthly payments of $7 per month, evidenced by seventy-five promissory notes, the first of these to be paid on the first of September, 1905, and one note payable on the first of each and every month thereafter until all shall have been paid. Time is expressly made of the essence of the con-

tract, it being provided that if Blivis shall fail for sixty days after any note becomes due to pay it, then the contract shall be null and void and the Franklin Investment Company, hereafter referred to as the Investment Company, defendant, shall retain all the payments made as liquidated damages and may sell the property to other parties for its own benefit. It was further agreed between the parties that Blivis, the vendee, may sell, assign, transfer and set over all of his interest in the property described unto any person who will agree to carry out the provisions of the bond and that when Blivis shall have paid all of the notes or monthly installments according to the true tenor and effect thereof he shall then be entitled to a warranty deed "free and clear from all incumbrance, except as to taxes for the year 1905 and thereafter, which the party of the second part (Blivis) assumes and agrees to pay." It is further agreed that the Investment Company is to make Canaan avenue, the street upon which the property is situated, "rip-rap foundation and macadam street for same, and to lay sewer and water pipes in Canaan avenue. All of which the Franklin Investment Company will pay out of its own funds and said M. Blivis will not be called upon to bear any part of the expense for said improvements."

It is violation of this last clause which is alleged in the first count as the ground for the recovery of damages.

There was evidence introduced on the part of plaintiff in support of the first count in his petition, to the effect that the construction of Canaan avenue was not in accordance with this agreement and that it had been so constructed as to be practically unavailable as a street, and because of this and the consequent difficulty in reaching plaintiff's premises the damages are claimed. On the part of defendant there was testimony tending to show that the street had been properly constructed under a permit from the city of St. Louis authorizing that to be done, and had been paid for by defendant.

There were some objections made to the exclusion of testimony offered to prove what had been said by an

employee or representative of defendant who was constructing the rip-rap. We see no error in the exclusion of this, as there is no evidence to show that it was within the scope of the authority of the employee to make any statements of the kind which would be binding on the defendant. So much as to the first count.

As to the count praying for specific performance, it appears that pursuant to an ordinance of the city of St. Louis, approved December 14, 1909, authorizing and directing the laying of a vitrified brick street in Canaan avenue, that street had been so constructed, and special assessments levied against the property, tax bills for these being issued some time in 1910, the exact date not appearing, on which, up to the time of the institution or trial of this action plaintiff had, under duress, paid $121.88, the total amount levied against his property being $204.79. Plaintiff claimed that having made this payment he was entitled to offset it against the notes remaining unpaid and that amount so paid exceeding the amount of the unpaid notes, he was entitled to a decree for specific performance of that contract, as well as to repayment of the amount paid by him in excess of the notes.

The question thus presented is whether defendant is liable for this special tax assessment. That such an assessment does not fall under the denominaton of "taxes," has long been the settled law of our State. [See Lockwood v. City of St. Louis, 24 Mo. ·20; Sheehan, Jr., v. Good Samaritan Hospital, 50 Mo. 155, and a long line of cases following.]

By the bond for a deed here involved, the equitable title was in plaintiff to the lot described at the date of that instrument, that is to say on the first day of August, 1905. Referring to a similar contract, our Supreme Court, in Block v. Morrison, 112 Mo. 343, l. c. 350, 20 S. W. 340, said: "Did this title bond create in the vendee an interest in the land which was subject to sale under execution? The answer must be in the affirmative."

In Greffet v. Willman, 114 Mo. 106, 21 S. W. 459, referring to a contract very much like the one before us

and to the same legal effect, it is held (l. c. 118) :

"The contract in question was not a contract for the future sale of the premises to the defendant upon the condition that the plaintiff should furnish the defendant an abstract of the title thereof that should be satisfactory to him, but a contract for the present sale of the land to the defendant at and for the price therein stated, to be paid and secured in the manner therein provided for, when the plaintiff should deliver him a warranty deed conveying to him a good title thereto."

It follows that when these special tax bills were issued against this property in 1910, plaintiff was then, in equity, the owner and these bills constituted an incumbrance to which the property was then subjected. In short the special tax bill was an incumbrance which was created against the property by force of law, that is the city ordinance, after the title, in equity, had passed from the defendant to plaintiff.

We hold that the covenant against incumbrances which was to be included in the deed to be executed when all the purchase price had been paid, was intended to cover incumbrances, if any, existing at the date of the bond and those which might thereafter be imposed upon the lot by the act of the vendor and which tended to depreciate the value of the lot as that value was at the date of the bond, and did not cover special assessments subsequently imposed against the property for street improvements which presumably went to the enhancement of the value of the property.

So our Supreme Court held in Everett v. Marston, 186 Mo. 587, l. c. 603, 85 S. W. 540. The same question came before the Court of Appeals of New York on facts very similar to those at bar, in Gotthelf v. Stranahan, 138 N. Y. 345. There it is held that where a bond for a deed was entered into, the consideration to be paid and received was presumably based on the value of the lot in its then condition, situate on an unimproved street. That court further held that the parties to the contract are presumed to know that at some time the city might enter upon permanent street improvements affecting the lot;

that they knew that any charge which might be imposed on the property by reason of the city making such improvement would represent the benefit received by it from the improvement, as the theory of such assessment is, that the value of the land would be enhanced by at least an equivalent amount. It is impossible to suppose, said the court, that the parties to the contract contemplated, at the time when it was executed, that incumbrances created by the force of public law for improvements initiated after the making of the contract, should be paid for by the vendor. Such a construction, said the court, would compel the vendor to pay out of the purchase money the cost of an improvement which by so much has increased the value of the property after he had disposed of it, and the vendee would acquire property greatly enhanced to that extent in value and for which he had not paid. We think this is a correct statement of the rule to be here applied.

In that case it was further held that the matter of decreeing specific performance of a contract being so largely discretionary, in a suit in equity, specific performance will not be decreed, the equity being against the relief sought.

On these views of the law plaintiff cannot have a decree as prayed in the second count.

Finding no error in the action of the circuit court in entering judgment for defendant on both counts, that judgment is affirmed. *Allen* and *Becker, JJ.*, concur.