STEPAN CHEMICAL COMPANY *vs.* TOWN OF WILMINGTON & others. July 13, 1979. This is an action against the town of Wilmington (town), its board of water and sewer commissioners (board), its board of assessors (assessors), and its town collector (collector), seeking to have declared void a "sewer betterment assessment" effected by an order promulgated by the board on July 12, 1973.

A careful review of all the pleadings discloses only one question of significance: whether the judges of the Superior Court properly allowed the plaintiff's motions for partial summary judgment on September 30, 1977, and for summary judgment on December 8, 1977. The defendants are appealing from the final judgment entered on the basis of both motions.

The judge ruled that the board's actions "in making the assessment upon the plaintiff pursuant to the order of July, 1973, are in violation of [G. L. c. 80, § 1, and G. L. c. 83, §§ 14, 15] and are therefore void." We are unable to discern on this record any error requiring that we reverse the judgment.

The undisputed facts as viewed by us are taken from the pleadings, answers to interrogatories, responses to request for admissions, pertinent affidavits, and the exhibits. See Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). We do not agree with the defendants that there is a genuine issue as to any material fact present on this record. While the minutes of the board meetings submitted as exhibits to the third affidavit of the plaintiff's attorney were vulnerable to a motion to strike, no such motion was made. Hence, the judge could properly have considered them. See *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 763 n.12 (1976); *Lacey* v. *Lumber Mut. Fire Ins. Co.,* 554 F.2d 1204, 1205 (1st Cir. 1977). Compare *Shapiro Equip. Corp.* v. *Morris & Son Constr. Corp.,* 369 Mass. 968 (1976).

When the record is viewed in this posture, the facts establish that the defendants' assessment formula was limited to only those who entered the sewer system. This formula is contrary to the applicable statutory law. As the language in the special sewer authorization act relied on by the defendants (see St. 1958, c. 297, § 6) was deleted by St. 1962, c. 161, the defendants must be guided by G. L. c. 83, § 15, as in effect prior to St. 1978, c. 214. Section 15 in turn refers to § 14 of the same chapter. Section 14 contemplates three classes of persons who are benefited (and who should thus be assessed) by the sewer, "(1) [t]hose who have houses, but who do not desire to enter their drains into the sewer; (2) [t]hose who have lots with no buildings upon them; and (3) [t]hose who have houses, with drains with which they do wish to enter." *Wright* v. *Boston,* 9 Cush. 233, 237 (1852). It is clear that the defendants assessed only the third class as set out in *Wright* and their action is therefore invalid because the statute contemplates assessing those remotely benefited as well as those immediately benefited by the sewer. See *Wright* v. *Boston, supra* at 239 (listed there are several

reasons for taxing those abutters who do not enter the sewer). See also *Snow* v. *Fitchburg*, 136 Mass. 183, 183 (1883) ("The tax is not to be assessed according to the immediate necessity for drainage, but according to the opportunity for drainage when the owner may require it"); *Leominster* v. *Conant*, 139 Mass. 384, 387 (1885) (the assessment is to be laid on all abutters except those "by reason of its grade level, or for any other cause, it is impossible to drain ... into the sewer"). Thus, it would seem that if an assessment is to comport with § 14, then all those who enter the sewer *or* receive a remote benefit from it shall be assessed.

When the statute speaks of remote benefit it means "the increased value given to vacant and unimproved lots by this privilege of letting in drains from them in case buildings should be so erected. An assessment upon the proprietors of land, so situated that it is or may be benefited by the sewer, is just and equal." *Downer* v. *Boston*, 7 Cush. 277, 281 (1851). The statute "looks not only to a present power of use, but to a benefit from future use." *Id.* at 282.

The defendants attempt to justify assessing only the actual users of the sewer by relying on § 8 of the special act, St. 1958, c. 297. Section 8, however, applies to operational costs of the sewer and thus is wholly irrelevant to assessments made for construction costs, as is the case here.

Finally, the defendants claim summary judgment was not proper because four material facts are still at issue. As to (1) the ownership of the land which was assessed, that fact is not in dispute, as defendants in their answer to the complaint admit that "[p]etitioner owns the land designated as Parcel No. 37-10 in the Assessment Order." As to (2) whether the "cost of the entire system in Wilmington is unknown," that fact appears to be irrelevant and therefore is not material. The total cost of the system might indeed be required to determine the total amount to be assessed eventually, but if the formula to be utilized is improper, the numbers to be plugged into the formula are immaterial. As to (both 3 and 4) whether an abutter receives a benefit merely by being an abutter (unless perhaps his land is situated so as to make it impossible for the sewer to drain it), that is a question of law (see the *Wright-Snow-Conant* line of cases cited above). In any event, the board's minutes, attached to the plaintiff's affidavit, provided evidence that at least some of the abutters not assessed did in fact receive a benefit. And, as already mentioned, the court could have properly considered that material.

It is not necessary to reach any of the other issues raised by the defendants, as they were either not properly presented to the trial judge in a timely manner or are not now pressed on appeal.

Deciding, as we do, that the assessment order of the board is void for failing to assess all who "benefited" by the sewer construction, we need not consider the plaintiff's other contentions.

*Judgment affirmed.*

*Alan Altman*, Town Counsel, for the defendants.
*Edward Woll, Jr.*, for the plaintiff.