Ross H. Higgins *vs.* City of Springfield. June 4, 1985. *Municipal Corporations*, Waterworks, Water installation fee.

The plaintiff brought this action seeking to recover money that he paid to the defendant, city of Springfield. The money was payment for a front footage charge imposed by the city as a condition on the installation of water service to the plaintiff's property from the city's water main in front of his property. Judgment for the plaintiff was entered in the

---

Hampden County Housing Court in the amount of $720, and the city has appealed. Although the city argues a number of issues, it is unnecessary to reach most of them because we conclude that there was no statutory authority for the assessment of the front footage charge levied on the plaintiff.

We summarize the undisputed facts. The city's board of water commissioners (board), on September 10, 1959, ordered the laying of approximately 925 feet of water main on South Branch Parkway in Springfield. The plaintiff, in October, 1982, bought a vacant lot on South Branch Parkway with the intention of constructing a dwelling on the property. He applied for water service from the water main to the structure and was informed that no connection would be made until a front footage charge of $720 was paid. The plaintiff paid the amount under protest and brought this action.

The front footage charge was established in the following manner. In 1980, the board authorized the assessment of a front footage charge upon property owners who might wish to hook up with the city's water mains that had been laid on or after February 12, 1952. The charge was to be effective on January 1, 1981. It was to be computed by multiplying by $8.00 the number of feet that an owner's property fronted on the city's main bordering the property.[1] The assessment was to be in addition to a charge for the installation of a service line from the water main located in the street to a structure on the property.[2] The purpose of the front footage charge is to recoup the cost of the original installation of the main water line — in this case the line was installed in 1959, approximately twenty-three years before the plaintiff purchased the porperty.

The city argues that authorization for the imposition of the front footage charge derives from St. 1872, c. 345, as amended by St. 1880, c. 30 § 4, and ordinances enacted pursuant to those laws. Statute 1880, c. 30, provides in pertinent part that the city may by ordinance regulate the use of water and "prescribe the mode of collecting all water rents and other money that may become due the city on account of the water department . . . ." Pursuant to the above legislation, the city enacted an ordinance which authorized the board of water commissioners to promulgate rules and regulations regarding the " introduction and use of city water and payment therefor[ ], and for the . . . construction . . . of all water pipes . . . of every kind . . . ."[3] The board subsequently enacted rules and regulations, including the imposition of the front footage charge under scrutiny here.

Our reading of the statutes relied on by the city leads us to the conclusion that they did not confer any authority on it to impose a front footage charge. The statutes permit the city to fix water rates and collect money from the

---

[1] In this case the plaintiff's property had 90 feet in frontage along the street. Hence, the charge was $720.

[2] There was also an additional charge for installation of a water meter.

[3] Revised Ordinance c. 28, § 9, codified as Revised Ordinances of Springfield, c. 25, § 5.

users of the city's water. They are concerned with the operation of the water system and do not provide for the assessment of construction costs of the water mains. See *Stepan Chem. Co.* v. *Wilmington*, 8 Mass. App. Ct. 880, 881 (1979). We also note that the Legislature in 1955 inserted G. L. c. 40, §§ 42G-42I, which permit municipalities to assess charges for construction costs in regard to the installation of water mains. Springfield did not accept the statutes until 1967, long after the water main at issue here was installed.[4] We read those statutes as awarding to all municipalities powers to assess construction charges which had previously been given only to a few by special statute. The insertion of G. L. c. 40, §§ 42G-42I, reinforces our belief that absent statutory authority, the city has no right to assess a front footage charge as part of its water installation fee. The judgment of the Housing Court is affirmed.

*So ordered.*

*John F. Gallagher* (*Bruce L. Leiter*, Associate City Solicitor, with him) for the defendant.

*Gerald R. Hegarty* for the plaintiff.

---

[4] The city does not contend that G. L. c. 40, §§ 42G-42I, applies in this matter. Because the statute was accepted long after the installation of the water main, it cannot be used as authority for the charge levied here. See *Berriault* v. *Wareham Fire Dist.*, 360 Mass. 160, 164-165 (1971).