ADELINE POOR & others *vs.* SAMUEL S. BLAKE.

Essex. Nov. 9, 1877. — Jan. 15, 1878. MORTON & SOULE, JJ., absent.

The provisions of the Gen. Sts. *c.* 43, § 65, requiring a report of the laying out or altering of a town way to be filed in the town clerk's office seven days before a meeting of the voters to take action thereon, are not applicable to ways laid out by the authorities of a city.

Where a way has been laid out or altered by the authorities of a city under an order duly passed, an entry upon any part of the land embraced in the location or alteration within two years is a sufficient entry upon all the lands included in the laying out or alteration under the St. of 1869, *c.* 303.

TORT for breaking and entering the plaintiffs' close in Newburyport and removing a fence therefrom. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on agreed facts in substance as follows:

The defendant, as an officer of the city of Newburyport, removed the fence from the plaintiffs' premises, contending that it was within the limits of State Street.

Both branches of the city council of Newburyport on April 6, 1874, passed an order, which was approved by the mayor on April 15, 1874, to widen State Street, in accordance with a certain plan, and for that purpose to take land belonging to the plaintiffs and other persons mentioned. The plan was filed in the office of the city clerk on April 6, 1874.

The city entered upon and took possession of all the parcels of land described in the order widening State Street, within two years after April 6, for the purpose of widening the street, except the land belonging to the plaintiffs, upon which no entry was made and of which no possession was taken until August, 1876.

If upon these facts the defendant was justified in law in committing the trespass, the plaintiffs were to become nonsuit; otherwise the case was to stand for the assessment of damages.

*S. B. Ives, Jr. & S. Lincoln, Jr.*, for the plaintiffs.

*E. F. Stone*, for the defendant.

COLT, J. The exclusive power to lay out, alter or discontinue streets or town ways, and to estimate damages sustained by any individual thereby, is given to the mayor and aldermen, with the concurrent vote of the common council of the city of Newburyport. St. 1851, c. 296, § 14. No provision is made as to the manner in which this authority shall be exercised, and it must therefore be exercised in conformity with and be governed by the regulations prescribed in the General Statutes, in relation to the laying out of ways, so far as those regulations are applicable to ways laid out by the city. *Barnes* v. *Springfield*, 4 Allen, 488.

The provisions of the Gen. Sts. c. 43, § 65, require that town ways laid out by the selectmen shall not be established as such until the laying out is reported to and accepted by the

town at a meeting regularly called for that purpose; nor unless such laying out is filed in the office of the town clerk seven days before the meeting. Thus town ways, though in the first instance laid out by the selectmen, do not really become town ways without the further action of the town. And it is with reference to that future action and for giving precise information to the voters, as well as to all parties interested, that the location is required to be filed seven days in advance of the final action of the town.

But, in reference to ways laid out by the city authorities as authorized by this charter, it is plain that this seven days' provision is not applicable; all that the charter requires is the action of the mayor and aldermen with the concurrent vote of the common council. To the two branches of the city government is given the exclusive power to act at such time as each may choose without restriction or condition. No further action of the city and no action whatever of the voters are required, and no delay in the action of either branch is provided for. The requirement for filing the location seven days before town meeting in the town clerk's office is in terms confined to ways laid out by selectmen of towns.

An entry upon any part of the land embraced in the location or alteration was an entry upon all the lands included in the laying out or alteration made upon the same petition. There was therefore, by the agreement of the parties, a sufficient entry on the plaintiffs' land within two years from the time when the right to take possession first accrued. St. 1869, *c.* 303.

*Judgment affirmed.*