## JASON CHAPIN *vs.* CITY OF WORCESTER.

Worcester.   Oct. 4, 1877. — June 27, 1878.   ENDICOTT & LORD, JJ., absent.

The St. of 1869, *c.* 390, authorizing the city council of Worcester to construct sidewalks and to assess the cost of such construction upon the abutters thereon, is not unconstitutional by reason of omitting to provide for a trial by jury, or of committing the laying of the assessment to the city council.

An order of the city council of Worcester, under the authority conferred upon it by the St. of 1869, *c.* 390, containing an assessment upon the plaintiff, an abutter upon a sidewalk which had been laid out, and all other abutters of their proportions of a certain sum, being the expense of constructing the sidewalk, an adjudication that a definite part of that sum is the plaintiff's proportion of that expense, and shall be collected of him according to law, and a statement that the other abutters have already paid their proportions, constitutes a valid assessment.

CONTRACT to recover back the amount of an assessment laid upon the plaintiff's estate for the cost of a sidewalk, and paid under protest. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts in substance as follows :

In 1871, the city council located and laid out a sidewalk on the westerly side of Providence Street, passing the plaintiff's estate and several other estates, and thereafter in the same year caused the same to be constructed pursuant to the following order :

" In City Council, April 17, 1871. Ordered, that the highway commissioner be and he is hereby authorized and directed, under

the direction of the joint standing committee on sidewalks, to set the curbstone and pave the gutter, and to construct so much of the sidewalk with good hard burnt paving brick, on the westerly side of Providence Street, as lies between Grafton and Patterson streets; and he is hereby further directed to keep an accurate account of all the expenses and outlays required or incurred by him in constructing said sidewalk, and to report in writing within thirty days after the completion of said work to the city treasurer, so much of the expenses thereof as have been incurred by him in furnishing and laying brick or granite paving, and sand therefor, round corners and return curb, cobble paving and flaggings for private driveways and walks, together with such other items as are chargeable to the several abutters whose estates are passed by said walk, and the names of said abutters, with a statement in items of the proportion of these expenses to be paid by each respective abutter; and the city treasurer, upon the receipt of said report of the highway commissioner, is hereby directed and authorized to cause the same to be collected as provided by an ordinance passed by the city council September 20, 1869, entitled an ordinance for locating and establishing the sidewalks in the city of Worcester."

On July 7, 1873, the city council passed the following order:

" Voted, that whereas the expense of constructing the sidewalk on the westerly side of Providence Street, between Grafton and Patterson streets, exclusive of grading, setting curbstones and paving gutters, amounted to two thousand eight hundred and thirty-seven dollars and eighty-one cents, ($2837.81,) and all the abutters on said sidewalk have paid their proportion of said expense, except Jason Chapin of Worcester, it is therefore ordered, that the said Chapin, being the owner of an estate on the west side of said Providence Street, abutting on said sidewalk, be and he is hereby charged and assessed with the sum of three hundred and thirteen dollars and five cents ($313.05) as his proportion of said expense, and the treasurer and collector of taxes is ordered to collect the same in the manner provided by law."

The expense of constructing said sidewalk, exclusive of grading, setting curbstones and paving gutters, amounted to $2837.81, as stated in this order. Prior to the passage of this order, all the owners of estates abutting on said sidewalk had paid the

sums which the highway commissioner had reported to be their respective proportions in pursuance of the first. named order. No other assessment was ever made for the construction of said sidewalk. The highway commissioner had reported to the treasurer that the proportion of expense to be paid by the plaintiff was the same as afterwards assessed by this order.

The amount assessed to the plaintiff was a proportionate part of the whole of said expense, in comparison with the amounts paid by the other abutters, having reference to the length of line on the sidewalk of the respective estates abutting thereon ; and, at the time of the construction of the sidewalk, the other estates were liable to assessment in the same manner as the plaintiff's estate.

The St. of 1869, *c*. 390,\* had been before that time duly accepted by the city. The ordinances of the city, relating to the laying and constructing of sidewalks and the assessment of the expense thereof on abutters, were put into the case.†

---

\* The St. of 1869, *c*. 390, entitled " An act concerning sidewalks in the city of Worcester," is as follows :

" Section 1. The city council of the city of Worcester is hereby authorized to establish and grade sidewalks and set curbstones in such streets in said city as the public convenience may require, and construct the same with such material as the city council shall deem expedient; and may, in like manner, from time to time, reëstablish, grade, reconstruct and repair such sidewalks and curbstones, and any sidewalks and curbstones heretofore established in said city ; and may assess upon the abutters on such sidewalks the whole or any part of the expense of the same, that portion of the expense not so assessed being paid by said city. All assessments so made shall be a lien upon the abutting lands in the same manner as taxes are a lien on real estate, and may be collected in the same manner as taxes on real estate are now collected.

" Section 2. This act shall take effect whenever the city council of said city shall accept the same."

† The city ordinances relating to the locating of sidewalks are as follows :

" Section 1. Whenever the city council shall adjudge that the public convenience and necessity require that a sidewalk be laid out and established in the city of Worcester, the order for laying out and establishing the same, with a written description of the boundaries, admeasurements, grades and heights of the curbstones thereof shall be filed in the office of the city engineer, and shall remain on file seven days, at least, before the passage by either board of the order laying out and establishing said sidewalk.

" Section 2. When any sidewalk shall have been laid out and established as aforesaid, the commissioner of highways, under the direction of the com-

Due notice was given to the plaintiff to pay the assessment; and, upon his refusal to do so, the city treasurer proceeded to levy the same by sale of the estate. The plaintiff, to prevent the sale, thereupon paid the assessment under protest, and afterwards demanded it of the defendant.

*G. F. Hoar & F. T. Blackmer*, for the plaintiff.

*F. P. Goulding*, for the defendant.

GRAY, C. J. The general authority, conferred by the St. of 1869, *c.* 390, upon the city council of Worcester, to assess the cost of constructing sidewalks upon the abutters thereon, is subject only to the limitation prescribed by the Constitution that the assessments shall be proportional and reasonable. The order of the city council in 1873 contains, in substance and effect, an assessment upon the plaintiff and all other abutters of their proportions of a certain sum, being the amount of the expense of constructing the sidewalk in question, an adjudication that a definite part of that sum is the plaintiff's proportion of such expense and shall be collected of him according to law, and a statement that the other abutters have already paid their proportions, so that no further or more particular order as to them is necessary. The amount assessed upon the plaintiff is agreed to have been a proportional part of the expense of constructing the side-

---

mittee on sidewalks, unless the city council shall have otherwise specifically ordered, shall grade the same, set the curbstone, pave the gutters and construct said sidewalk of such material as the city council shall deem expedient. And it shall be the duty of said commissioner to keep an exact account of all expenses and outlays required or incurred by him in constructing said sidewalk, and he shall report the same in writing within thirty days from the completion of the same to the city treasurer, with the names of persons chargeable with the whole or any part of such expenses.

" Section 3. The expense of constructing or repairing any sidewalk laid out and established as aforesaid, or any sidewalk heretofore established in the city of Worcester, shall be assessed upon the abutters, but no part of the expense of grading, setting the curbstone or paving the gutters, shall be so assessed, but shall be paid for by the city. And the city treasurer forthwith, after receiving the report of the commissioner of highways of the expense and outlays made by him in constructing a sidewalk laid out as aforesaid, shall demand payment in writing of the several abutters of the sums severally due from them to the city under this ordinance, and, in case such sums remain unpaid at the expiration of one month after such demand, the treasurer shall cause the same to be collected by resort to the proper legal process."

walk, and there is nothing to show that it was unreasonable. The previous proceedings were in strict accordance with the ordinance of the city, and it need not be considered whether they might of themselves be held to constitute a valid assessment. If there was any illegality in the assessment, the law affords an adequate remedy for revising it, by writ of certiorari. The statute is not unconstitutional, by reason of omitting to provide for a trial by jury, or of committing the laying of the assessment to the city council; and there is nothing in the case stated to show that the plaintiff has suffered any wrong by the proceedings complained of. *Howe* v. *Cambridge*, 114 Mass. 388. *Butler* v. *Worcester*, 112 Mass. 541. *Davidson* v. *New Orleans*, 96 U. S. 97. *Judgment affirmed.*