CHARLES TABER & others *vs.* CITY OF NEW BEDFORD.

Bristol.   Oct. 27, 1882. — June 20, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

The provisions of the Gen. Sts. *c.* 43, § 65, requiring a report of the laying out or altering of a town way to be filed in the town clerk's office seven days before a meeting of the voters to take action thereon, are not applicable to ways laid out by the authorities of a city.

It is no objection to the validity of the laying out of a way by a city, that the lines and measurements of the way are left to the city surveyor by direction of the mayor and aldermen.

If the record of the laying out of a way by a city shows that it was accepted by the two branches of the city council, but fails to show that it was presented to the mayor for his signature, an abutter who had notice of the laying out and of its acceptance, and made no effort to invalidate the proceedings, cannot maintain an action against the city, two years afterwards, to recover the amount of a betterment tax assessed upon him for such laying out.

DEVENS, J.   In this action, which was brought on May 3, 1882, the plaintiffs seek to recover the amount of a betterment tax assessed upon them by the mayor and aldermen of the city of New Bedford, on account of the laying out and construction of an extension of Spring Street in that city in March, 1880. That, if such extension had been legally laid out and accepted, the betterment tax was assessed by the proper authority, is not controverted; but the plaintiffs contend that they may now show that there was no legal laying out or acceptance, or at least that the record fails to prove this, and that they are therefore entitled to recover.

The duty of laying out streets is entrusted to public officers, who are not agents of the city, but have independent functions in regard to this matter. They exercise quasi judicial duties, and derive their power from the sovereign authority. *Brimmer* v. *Boston*, 102 Mass. 19. If mistakes are made by them, or if they fail to observe the statutory requirements in the duties they undertake to perform, the remedy sought should be by certiorari, upon the return of which their proceedings may be quashed, if it is found that the errors committed by them are such as to demand it. The adjudication made by them cannot be impeached incidentally for errors in the mode of proceeding, not affecting their jurisdiction. *Brimmer* v. *Boston, ubi supra.*

The objection that the laying out, with the boundaries of the street and admeasurements, was not filed in the city clerk's office seven days at least before its acceptance, as required by the Gen. Sts. c. 43, § 65, was considered in *Poor* v. *Blake*, 123 Mass. 543. It was there held that this provision was not applicable to ways laid out by city authorities. Town ways, although laid out by the selectmen, do not become such until the further action of the town. All that was required in the city of New Bedford was the concurrence of the two branches of the city government, who were entrusted with the exclusive power to act.

Nor was the laying out void because the lines and measurements of the way were left to the city surveyor by direction of the mayor and aldermen.* This is not to be deemed a delegation of their power to adjudicate to the surveyor, but simply a use of his skill in arranging the exact details of the way laid out by them.

If any error had been made as to either of these matters, it certainly was not of such a character as would affect the jurisdiction of the two branches of the city government.

The ground most relied on by the plaintiffs, in order to show that the assessment of the tax here sought to be recovered back was illegal, is that there was no legal acceptance of this street. By the St. of 1876, c. 193, (Pub. Sts. c. 28, § 6,) every concurrent vote of the two branches of a city government is to be presented to the mayor of the city. If he does not return it within ten days, with his objections, (in which case it would be necessary to pass it by a two-thirds vote,) it becomes a valid act by operation of law. The record shows that the laying out of this way was accepted by the two branches of the city council, but it fails to show that it was presented to the mayor for his signature. Had a writ of certiorari been promptly brought, the clerk could have amended his record, by showing thereby, what now appears as the fact, that it was presented to the mayor, and that the mayor failed either to sign it or to return it with objections

---

* The order was as follows : " Ordered, that the city land surveyor be and he is hereby instructed to lay out an extension of Spring Street, fifty-five feet wide, from its present easterly terminus at South Second Street, east to South Water Street, and make return of the same to this board at its next meeting."

within ten days; and thus that the acceptance became operative. While the record of a court of limited jurisdiction should show all facts essential to the jurisdiction, such amendment is always permitted. *Brewer* v. *Boston, Clinton & Fitchburg Railroad*, 113 Mass. 57. When such proceedings are brought before this court, it may quash or affirm them, "or enter such judgment as the court below should have rendered, or may make such order, judgment, or decree in the premises as law or justice may require." Pub. Sts. *c.* 186, § 9.

Of the laying out of this way the plaintiffs had full notice; they had also notice of its acceptance by the two branches of the city government. They made no effort to invalidate the proceedings. Were they now to attempt to do so by a petition for a writ of certiorari, their laches have been such that it would not be granted, especially in view of the difficulties that might now attend any attempt to amend the record, so that it should properly recite the fact of the presentation of the vote to the mayor and his failure to act within the time allowed. To permit the plaintiffs to maintain this suit would be to declare proceedings invalid in an action at law, when we should refuse to quash them on a petition for a writ of certiorori.

The extension of the street having been properly laid out by competent authority, and the tax having been assessed by the body authorized to levy it when a street is laid out, the plaintiffs should not be allowed to recover it back, because the record is defective in failing to set forth all the facts.

*Judgment for the defendant affirmed.*

*H. M. Knowlton & F. B. Greene*, for the plaintiffs.
*T. M. Stetson & L. L. Holmes*, for the defendant.