BENJAMIN SNOW & others *vs.* CITY OF FITCHBURG.

Worcester. Oct. 3. — Dec. 4, 1883. FIELD & W. ALLEN, JJ., absent.

Whether an assessment upon an estate for the construction of a sewer by a city is void, because the scheme adopted is not in accordance with the provisions of the St. of 1878, *c.* 232, § 3, and whether the statute itself is constitutional, are not open upon the trial of a petition to the Superior Court for a jury to revise the assessment, and can properly be raised only on certiorari ; and the rejection of evidence relating only to these questions is immaterial.

At the trial of a petition to the Superior Court for a jury to revise an assessment upon an estate for the construction of a sewer by a city, if it is admitted that the assessment is correct according to the scheme adopted, and the question of the validity of that scheme is not open to the petitioner, the assessment is properly affirmed.

PETITION for a jury to revise an assessment laid upon the petitioners' estate, under the St. of 1878, *c.* 232, § 3, by the city of Fitchburg, for the construction of a sewer. Trial in the Superior Court, before *Staples*, J., who directed a verdict for the respondent for the amount of the assessment, with interest ; and the petitioners alleged exceptions. The facts appear in the opinion.

*G. A. Torrey & E. P. Loring*, for the petitioners.

*H. C. Hartwell*, for the respondent.

COLBURN, J.   Under the provisions of the St. of 1878, c. 232, § 3, (Pub. Sts. c. 50, § 7,) the city council of Fitchburg, in 1881, adopted a system of sewerage for a part of the territory of the city called the "Punch Brook District," and provided that assessments therefor, under the Gen. Sts. c. 48, § 4, should be made upon owners of estates within this territory at a fixed uniform rate, based upon the estimated average cost of all the sewers therein, according to the frontage of such estates on any street or way where a sewer is constructed, "provided that, when any abutting estate is situated at the junction of two or more streets or ways where a sewer is built, or is to be built, in accordance with said plan of sewerage, and an assessment shall have been duly made for the number of feet of frontage upon one street or way, a number of feet equal to the number for which such assessment has been made upon the first street shall be exempt from assessment upon the other street or way, provided that in no case shall the number of feet so exempt exceed one hundred feet."

The petitioners' estate was situated on Main Street, and bounded northerly on that street, and easterly on Cottage Square, which was a street running southerly from Main Street, and then turning, and running first westerly, and then northerly into Main Street again.   The petitioners' estate and that of the heirs of one Lane occupied the whole space on Main Street between the two entrances thereon of Cottage Square, but the petitioners' estate was deeper than that of the Lane heirs, and a part of it extended on the southerly side of that estate, and bounded for about ten feet on the westerly part of Cottage Square.

A sewer was laid in Main Street under the system adopted by the city council, and on December 27, 1881, the mayor and aldermen made an assessment on the petitioners' estate therefor, based upon the frontage of that estate on Main Street.   A sewer had been laid out and built in 1875, in the westerly part or branch of Cottage Square, under the provisions of the St. of 1869, c. 111, and an assessment laid therefor, under the Gen. Sts. c. 48, § 4, upon the estates bounding thereon, including the

estates of the Lane heirs and of the petitioners, which bounded for ten feet thereon, and the assessment on the petitioners' estate was duly paid.

The petitioners, being aggrieved by the assessment in question for the Main Street sewer, brought their petition for a jury, under the provisions of the Pub. Sts. *c.* 50, § 6, having previously, in accordance with the provisions of this section of the statute, given notice in writing to the mayor and aldermen of their intention to do so; and therein specified, as their only objection to the assessment, " that their estate has been assessed more than its just proportion of the expense of the said sewer."

At the trial on their petition before the jury, in the Superior Court, the petitioners, for the purpose of showing the injustice of the system adopted in making the assessment, offered evidence to show that, when the Cottage Square sewer was laid, they had placed pipes in their whole block standing on the lot now assessed, and had connected the waste pipes of their entire building with the Cottage Square sewer; that, for this reason, the new sewer in Main Street did not benefit their estate, which had once been wholly assessed for the Cottage Square sewer; that the shape, area, frontage, depth, and value of the lots in the Punch Brook District differed greatly among themselves; that their values per front foot varied from twenty-five cents to two dollars; that the front-foot system of assessment operated so unjustly upon the petitioners as to be unreasonable; that the lot of the Lane heirs was not assessed at all for the Main Street Sewer; that, in assessing the petitioners' estate, no allowance was made for the fact that their entire lot had once been assessed for the Cottage Square sewer; and that no allowance was made for the ten feet of their lot which abutted upon the part of Cottage Square where the sewer was laid. The petitioners admitted that, but for the Cottage Square sewer, their estate would be benefited by the sewer in Main Street; and that the assessment complained of was correctly made, in accordance with the system adopted by the city council.

The petitioners asked the court to rule that the scheme adopted by the city of Fitchburg, purporting to be a plan of sewerage for the Punch Brook District, was not a compliance with the St. of 1878, *c.* 232, § 3; that the assessment according

to that scheme was unconstitutional and invalid; and that the statute itself was unconstitutional and void. The ground upon which the petitioners contended that the scheme adopted was not in compliance with the statute, was the exemption of corner lots from assessment for sewers in both streets.

The court rejected the evidence offered by the petitioners; refused to rule as requested; and ruled that the scheme of the Punch Brook District was a compliance with the law, and that the law itself was valid; and directed a verdict assessing the petitioners the amount of the assessment made by the mayor and aldermen, with interest; to all of which the petitioners excepted.

We have not considered the question raised by the ruling of the court, that the scheme adopted was a compliance with the law, and the law itself valid, as we are of opinion that the question of the constitutionality of the statute, or of the scheme adopted, or whether all the proceedings of the city council and of the mayor and aldermen were void because the provisions of the statute had not been complied with, was not properly open in this proceeding. The petition for a jury proceeds upon the assumption that the general assessment is valid, but that some particular injustice has been done to the petitioners.

The question upon which the petitioners relied could properly be raised only on certiorari. *Brimmer* v. *Boston*, 102 Mass. 19. *Butler* v. *Worcester*, 112 Mass. 541, 556. *Kelso* v. *Boston*, 120 Mass. 297. *Taber* v. *New Bedford*, 135 Mass. 162.

The evidence offered and rejected was only offered as bearing upon the question which we decide was not properly open in this proceeding, and, for that reason, its rejection was immaterial.

The petitioners having admitted that, under the scheme adopted by the city council, the assessment was correct, and the question of the validity of that scheme not being open to them, the affirmation of the assessment made by the mayor and aldermen was right.                    *Exceptions overruled.*