ALFRED M. WHEELER & another *vs.* CITY OF FITCHBURG.

Worcester.    October 2, 1889. — January 1, 1890.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Way — Laying out — Discontinuance — Damages.*

The discontinuance of a part of a way as duly laid out over several persons' land, all of which has been taken possession of by an entry upon part of it for the purpose of construction, as provided in the Pub. Sts. c. 49, § 88, will not deprive such an owner of his right to damages for the taking of land included in the portion so discontinued.

PETITION to the Superior Court, filed on June 6, 1888, for a jury to assess the damages to the petitioners' land by the laying out of a way in the respondent city. Trial before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows.

Evidence was introduced tending to prove the following facts. The respondent duly laid out a way on June 28, 1887, its entire length as located being thirty-three hundred and fifty feet, including a strip of land taken from the petitioners ten hundred and eighty feet in length and forty feet in width.

Subsequently, on October 2, 1888, the respondent duly laid out another way, running in part near the location of the original way, of which a portion was at the same time discontinued.

The land of the petitioners was not entered upon for the purpose of constructing the way before the discontinuance, but it was admitted by the respondent that a small portion of other lands, not owned by the petitioners, but embraced in the original laying out, was taken possession of by the respondent for the purpose of constructing the way, before the filing of the petition.

The respondent asked the judge to rule that no damages could be recovered for that portion of the land over which the original way was located, which was subsequently discontinued. The judge refused so to rule, and the respondent excepted.

The jury returned a verdict for the petitioners for $1221.60, and found specially that the value of their land in the portion of the way discontinued was $197.60. If the above ruling was correct, judgment was to be entered for the petitioners for the sum of $1221.60; otherwise, for $1024, and interest.

*E. P. Pierce,* for the respondent.

*H. C. Hartwell,* for the petitioners.

C. ALLEN, J. The discontinuance of a portion of the way as laid out does not have the effect to cut off the petitioners' right to damages for the taking of their land, which was included in the portion of the way so discontinued. Where a way is laid out over the land of several persons, an entry for the purpose of constructing any part of the way is deemed a taking of possession of all the lands included in the laying out made upon the same petition. Pub. Sts. c. 49, § 88. It was admitted that such entry had been made before the filing of the petition, though not upon land of the petitioners. By virtue of the statute, such entry is deemed to be a taking of possession of the land of the petitioners; and the taking of possession gives them a right to damages.

This would be very clear, but the respondent makes an ingenious argument to the effect that such was not the true construction of the statutes in force prior to the Public Statutes, and that by the enactment of the Public Statutes it was not intended to change the law. But the same construction should be given to the statutes in force prior to the Public Statutes. Under the St. of 1847, c. 259, and the preceding statutes, if a man's land had been entered upon and possession taken for a way, he had a vested right to his damages; but otherwise

not.   *New Bedford* v. *County Commissioners*, 9 Gray, 346, 349.
The St. of 1862, c. 203, required possession of such land, that is,
the land of each owner, to be taken within two years, or else
the location as against him should be void.   The St. of 1869,
c. 303, was a substitute for the St. of 1862, c. 203, and closely
followed it in all the earlier portion, but added, by way of pro-
viso, that an entry for the purpose of constructing any part of
the laying out should for the purposes of this act be deemed a
taking of possession of all the lands included in the laying out
upon the same petition.   That is to say, this statute in the first
place provided in effect that possession must be taken of the
land of each owner within two years, or else the laying out
should be void as to him; and then added, that entry for the
purpose of constructing any part should be deemed a taking of
possession of all the lands for the purposes of this act, namely,
for the purpose of saving the location.   *Poor* v. *Blake*, 123
Mass. 543.   It was not necessary for these later statutes to ex-
press in terms that the consequence of taking possession of a
man's land would be to entitle him to damages, because that
was plain and had been settled by the decision already cited.
*New Bedford* v. *County Commissioners*, 9 Gray, 346.   This right
to damages upon the taking of possession was not impaired by
the St. of 1862, c. 203, or by the St. of 1869, c. 303.   In the
Pub. Sts. c. 49, § 88, the meaning of the statutes as they stood
was more plainly expressed.   Upon the construction contended
for by the respondent, a town by making an entry upon any
part of the land included in the proposed way might hold the
land of all the other owners, subjected to the possible servitude
for all time, with a right of discontinuance at its own pleasure,
but the owner would have no right to damages until the town
should actually enter upon his land.

*Exceptions overruled.*