EDWARD P. O'CONNELL *vs.* FIRST PARISH IN MALDEN.

Suffolk.   November 9, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Tax,* Sewer assessments.   *Sewer.   Covenant,* Against incumbrances.

Under St. 1890, c. 188, and St. 1895, c. 443, the street commissioners of the city of Malden, upon the completion of certain sewers forming part of the system of sewage disposal for that city authorized by the first named statute, established yearly rates to be assessed upon all abutting estates, and fixed a gross sum which the owners might pay instead of making annual payments. In § 3 of the first named statute it is provided that " Said annual rates and said sums to be paid in lieu thereof shall constitute a lien upon said estates, and may be collected in the same manner as taxes upon real estate or by an action of contract in the name of the city. Said lien shall continue for two years after said rates or sums to be paid in lieu thereof have been committed to the collector for collection, and when said sums are to be paid in instalments shall continue for two years after the last instalment has been committed to the collector for collection." The street commissioners in levying the assessment estimated the gross amount by the street frontage. The owner of a parcel of land abutting on two public ways in which the sewers had been laid, after the assessment had been levied on his land and while it remained unpaid and had not been committed to the collector for collection, conveyed the land to a purchaser by a deed containing a covenant that it was free from incumbrances. In an action brought against him by the purchaser for a breach of the covenant against incumbrances, the defendant contended that there was no incumbrance, because the assessment was invalid by reason of having been based upon the street frontage of the premises. *Held,* that the defendant, to prevail, must show affirmatively that the assessment exceeded or was disproportionate to the special benefit received, that it might be assumed that the commissioners had made an examination of the land assessed before determining the benefit and deciding upon the assess-

ment, that, the sewers being laid in public ways of a city, an assessment according to the frontage of the lots abutting on the streets might be a reasonable mode of assessing the cost of constructing the sewers in such streets, and, there being nothing to show that the basis of assessment was disproportionate or unreasonable or that it worked any injustice, that the assessment was not shown to be invalid, and that, the lien for the assessment having existed when the deed was delivered, there was a breach of the covenant against incumbrances at that time.

CONTRACT for an alleged breach of the covenant against incumbrances contained in a deed from the defendant to the plaintiff dated July 23, 1908, conveying a certain parcel of land with the buildings thereon on the corner of Centre Street and Main Street in Malden, alleging that the premises at the time of the conveyance were not free from incumbrances but were subject to a liability for sewer assessments imposed by the city of Malden by valid orders of the proper officials of that city passed on or about May 29, 1893, for the construction of a sewer in Main Street, and on or about April 5, 1894, for the construction of a sewer in Centre Street. Writ dated January 26, 1909.

In the Superior Court the case was submitted upon an agreed statement of facts to *Hardy*, J., who ordered judgment for the plaintiff in the sum of $231.38, that amount having been agreed upon by the parties as the amount for which judgment should be entered if there had been a breach of the covenant against incumbrances. The defendant appealed.

The case was submitted on briefs.

*M. Coggan, M. S. Coggan & G. L. Dillaway*, for the defendant.
*E. P. O'Connell, pro se.*

BRALEY, J. By the St. of 1890, c. 188, the city of Malden was authorized to provide, build, maintain and operate a system for the disposal of sewage. The city council acting under the statute having adopted a valid order for their construction, a sewer was built in each of the streets on which the estate now owned by the petitioner abutted. It does not appear in the agreed statement of facts on which the case is submitted, that under § 3 the city council passed any ordinance fixing either the annual rates or a sum "in lieu of said annual rates," or under the St. of 1895, c. 443, established any general rules and regulations limiting the powers of the commissioners. No lim-

itation having been imposed, the board of street commissioners in pursuance of the authority conferred upon them by § 6 of the act, and by the St. of 1895, c. 443, upon completion of the work, established yearly rates to be assessed on all abutting estates, including the premises which at the date of assessment were the property of the defendant. They also fixed, as a part of the order, a gross sum which the owners might pay, instead of making annual payments. It is also provided in § 3, St. 1890, c. 188, that " said annual rates and said sums to be paid in lieu thereof shall constitute a lien upon said estates, and may be collected in the same manner as taxes upon real estate or by an action of contract in the name of the city." The statute, while expressly authorizing an assessment of a fixed amount, further provides that, upon request of the owner, the gross sum assessed may be apportioned into three equal parts, one of which with interest shall be paid in each of the three next ensuing years. But being wholly for the benefit of the owner, the defendant's neglect or refusal to avail itself of this option did not render the assessment invalid or discharge the lien. If the lien is to continue " for two years after said rates or sums to be paid in lieu thereof have been committed to the collector for collection," it attached from the date of the assessment, and as no committal to the collector is shown, the limitation never began to run. *Blackie* v. *Hudson*, 117 Mass. 181. *Carr* v. *Dooley*, 119 Mass. 294.

If the establishment of rates and the method of payment were valid, the lien not having expired by limitation and not having been discharged by payment when the defendant conveyed to the plaintiff, the covenant against incumbrances was broken at the delivery of the deed. *Blackie* v. *Hudson*, 117 Mass. 181. *Bailey* v. *Agawam National Bank*, 190 Mass. 20.

In levying the assessment the commissioners estimated the gross amount, by the street frontage. A sewer which forms a part of a general system of sewerage is a public work of such permanent character that its discontinuance may be considered as very improbable, and the peculiar and special benefit conferred by its construction accrued to the defendant's estate, even if it may have been unconnected when the assessment was laid. *Weed* v. *Mayor & Aldermen of Boston*, 172 Mass. 28. *Carson* v. *Brockton*, 175 Mass. 242, 243. Whether the owner pays there-

for an annual fixed rate, as a reasonable method of estimating the proportional benefit received in common with other estates similarly situated, or a round sum is determined as an equivalent, which upon payment relieves the land from all future charges under the statute, the special benefit remained unchanged. *Carson* v. *Brockton,* 175 Mass. 242. *Hall* v. *Street Commissioners of Boston,* 177 Mass. 434, 440. *Smith* v. *Mayor & Aldermen of Worcester,* 182 Mass. 232. *Sears* v. *Aldermen of Boston,* 173 Mass. 71.

The defendant does not contend that the statute under which the assessment was laid is unconstitutional, or that by its provisions the commissioners were not vested with authority to levy a lawful tax. Its only contention is that, the assessment having been based upon the street frontage of the premises, the inference or conclusion necessarily follows that it is invalid.

The defendant, to prevail, must show affirmatively that the assessment exceeded or was disproportionate to the special benefit received. In the selection of proper methods of valuation, where none are prescribed by the Legislature, much must be left to the judgment of the board to whom the power to levy the tax has been delegated. It may be assumed that the benefit was not ascertained nor the assessment decided upon until the commissioners had made an examination of the defendant's estate. The sewer was laid in a public way, and not through private property as in *Weed* v. *Mayor & Aldermen of Boston,* 172 Mass. 28, 32, where, after a review of many of our own decisions and other authorities, it was said that " the weight of authority is that an assessment according to the frontage of lots abutting upon a street or public way in a city sometimes may be a reasonable mode of making an assessment for the cost of constructing a sewer in such street or way because of the similarity of the lots, but that such an assessment when the sewer is not constructed in a street or way or is constructed in the country where the lots abutting are not laid out as building lots, often would be unreasonable."

It nowhere appears in the agreed facts that as to this section of the city the basis of estimation was not proportionable or was unreasonable or worked any injustice, although in the outlying and sparsely settled portions such a method might be found

subject to grave objections. An abuse of their authority by the commissioners should be clearly made out before a general system of rates established some thirteen years previous to the present action, and which presumably the city has since followed, should be overthrown to the great disadvantage of the municipality, which has had no opportunity to present evidence or to be heard. *Smith* v. *Mayor & Aldermen of Worcester*, 182 Mass. 232.

We are accordingly of opinion, that, the street commissioners having acted under the powers conferred by the statute, the evidence fails to show that by the adoption of the frontage rule in fixing rates the gross sum either exceeded or was disproportionate to the special benefit to the estate.

The plaintiff therefore is entitled to judgment for the amount, with interest, which he has paid to remove the incumbrance.

*Judgment affirmed.*