HONORA DRISCOLL & another *vs.* INHABITANTS OF NORTHBRIDGE.

MARY DRISCOLL & others *vs.* SAME.

Worcester. October 3, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Tax*, Sewer assessment, Assessment of benefits. *Practice, Civil*, Auditor's report.

A petition under R. L. c. 49, § 4, against a town for the revision of a sewer assessment was referred to an auditor, who found in substance that the sewer system had been constructed by the town in and about two villages which were within the town, that one fourth of its entire cost had been set aside to be raised by general taxation and that in order to raise the remaining three fourths of the cost abutters upon the lines of the sewer, without regard to the location of their land, were assessed a uniform rate of one dollar per foot of frontage and in addition seven tenths of a cent per square foot of area for a uniform depth of one hundred feet; that the land of the petitioner was situated on a county road about one fifth of a mile from the nearest village and that there was no system of water supply in the vicinity. The auditor then reviewed the condition of the locality as to other buildings and the probable future development, and proceeded: " Giving . . . such weight as I am able to . . . evidence and con-

---

sidering all the circumstances . . . I find that by the construction of said sewers the land of the petitioner" was benefited to an amount equal to about half of the assessment. At the trial of the petition there was no evidence other than the auditor's report and the presiding judge ordered the jury to revise the assessment in accordance with the auditor's findings. *Held,* that the action of the presiding judge was correct, since upon the report the only conclusion possible as matter of law was that, while the principle adopted in making the assessment was correct, when it was applied to the petitioner's land it worked harshly and produced an assessment largely in excess of the benefit.

The rules by which the benefit conferred upon land by a public improvement is to be ascertained, when that question arises for settlement as a matter of fact, are the same as those by which land values are determined in any other connection, the inquiry being, how much has the particular public improvement added to the fair market value of the property, as between a willing seller and a willing buyer, with reference to all the uses to which it reasonably is adapted and for which it plainly is available, prospective as well as present, by strangers as well as by the owner.

On a petition filed under R. L. c. 49, § 4, it is not necessary, before a sewer assessment can be reduced, that it should appear that any matters considered by the public board who made the assessment were improper, nor that the system of assessment adopted was unsound as a general rule. It is possible that the plan of assessment may be just and commonly may produce equitable results, and yet may work so harshly as to the particular estate of the petitioner as to produce an assessment largely in excess of the benefit, so that the prayer of the petitioner should be granted.

Two PETITIONS under R. L. c. 49, § 4, filed in the Superior Court on August 28, 1908, for a revision of sewer assessments levied upon land of the respective petitioners.

The petitions were referred to Charles H. Sibley, Esquire, as auditor. From his report, beside the facts stated in the opinion, the following facts appeared:

The respondent had adopted a system of sewerage and sewage disposal for that part of Northbridge known as Whitinsville and Linwood, and had established and constructed sewer drains and pipes in and through the village of Whitinsville and had extended a main sewer pipe from Whitinsville easterly for about nine thousand and forty-six feet, partly through town ways and partly through private land to a county road; that the main pipe thence was extended northerly in and along the county road for four hundred and ten feet and then, leaving the road, passed northeasterly through private land for about seventeen hundred and forty-three feet to the filter beds belonging to the defendant in which the sewage from Whitinsville is treated and filtered as a part of the system of sewage disposal.

The land described in the two petitions is situated about one fifth of a mile from the Whitinsville village, about one third of a mile from the northerly end of the thickly built portion of the village of Linwood, and about one half mile from Whitins Station on the Providence and Worcester Railroad, which is situated in the village of Linwood. The county road leads from Linwood northerly past the petitioners' premises toward Worcester. The distance between Linwood and the petitioners' premises for about one third of the way is thickly built and a few houses have also been erected in the remaining two thirds of that distance.

Upon the construction of the sewerage system the respondent set aside one fourth of the entire cost of the construction of the entire system to be raised by general taxation and, in order to raise and pay the remaining three fourths, adopted the method of assessing the owners of land along the lines of the sewers a fixed uniform rate of $1 for each foot of land fronting on any street or way in which the sewers were constructed, and in addition thereto adopted a uniform rate of seven tenths of one cent for each square foot of land contained in an area extending back in depth one hundred feet from the street or way, and levied both the assessments upon all lands fronting on the respondent's sewer drains and pipes without regard to the location of the land. On that basis, the land of the petitioner in the first case was assessed $573.90, and the land of the second petitioner $697. These assessments the auditor found should be reduced to $380 and $350 respectively.

In the Superior Court the cases were tried before *Aiken,* C. J., and the auditor's report was the only evidence. The course of the trial is described in the opinion. The jury were ordered to find that the assessments should be revised in accordance with the findings of the auditor; and the respondent alleged exceptions.

The cases were submitted on briefs.

*E. H. Vaughan, E. T. Esty & J. Clark, Jr.,* for the respondent.
*R. B. Dodge & W. J. Taft,* for the petitioners.

RUGG, C. J. These are petitions under R. L. c. 49, § 4, for the revision of sewer assessments levied by the sewer commission of the respondent town for the benefit accruing from a sewer constructed under said c. 49. The case was referred to an audi-

tor, and in the Superior Court was tried upon his report as the only evidence. He found that the assessment was levied in accordance with the combined method of frontage and area pointed out in R. L. c. 49, § 5, and that the land of the petitioners was so situated that it could drain into the sewer, but found also that the assessment exceeded the actual benefit arising from the construction of the sewer. At the trial the respondent requested an instruction that the assessments should be confirmed and the petitions dismissed. This was refused, and the jury were instructed that the assessments should be revised and reduced in accordance with the findings of the auditor. The respondent's exception to this refusal to rule and to the ruling given brings the case here.

The assessments levied by the public board must stand as correct, unless shown by the landowner to be excessive. *Bigelow* v. *Boston*, 120 Mass. 326. But the auditor's report found that the assessment was excessive. This being the only evidence and made by law *prima facie* evidence of all facts reported, a verdict was properly directed, if upon that report only one conclusion was possible as matter of law. *Wakefield* v. *American Surety Co.* 209 Mass. 173, 176. The auditor made a somewhat full finding of facts, and the respondent contends that it appears on its face that incorrect rules of law were followed in reaching results, and that a different conclusion from that of the auditor was possible on the facts reported. *Fisher* v. *Doe*, 204 Mass. 34, 40.

As a rule, assessments based on the street frontage or on the area or on a combination of the two in accordance with legislative authority, and not in substantial excess of benefits conferred, have been upheld as not infringing the State or federal constitution. *Sears* v. *Aldermen of Boston*, 173 Mass. 71. *Corcoran* v. *Cambridge*, 199 Mass. 5. *Cheney* v. *Beverly*, 188 Mass. 81. *O'Connell* v. *First Parish in Malden*, 204 Mass. 118. *White* v. *Gove*, 183 Mass. 333. *Cleveland, Cincinnati, Chicago & St. Louis Railway* v. *Porter*, 210 U. S. 177. *French* v. *Barber Asphalt Paving Co.* 181 U. S. 324. *Martin* v. *District of Columbia*, 205 U. S. 135.

The principle of this assessment was correct. But a principle correct in the abstract may result in hardship in a particular

instance. The auditor found that the petitioners' land was located on a county road about one fifth of a mile from the nearest village, and that there was no system of water supply in that locality, and that during the past two years several houses had been built nearby, and "in case a sufficient demand for house lots in this neighborhood should arise . . . to make petitioners' land salable for building lots, and if the town water system should be extended to this territory the benefit derived would be fully equal to the assessment levied thereon." After reciting that the evidence as to the benefit received was contradictory, he proceeds: "Giving . . . such weight as I am able to . . . evidence and considering all the circumstances . . . I find that by the construction of said sewers the land of the petitioners" was benefited to an amount less than the assessment. A fair construction of this portion of the report is that the auditor has taken into account all factors as to future development, which affect present value, in determining the benefit accruing to the petitioners' lands from the construction of the sewer including "the potentiality of receiving a benefit" (*Wright* v. *Boston*, 9 Cush. 233, 236) when the water system should be extended and the public demand for house lots should increase, so far as these somewhat speculative considerations enter into present value.

The rules by which the amount of benefit conferred upon land by a public improvement is to be ascertained, when that question arises for settlement as a matter of fact, are the same as those by which land values are determined in any other connection. The inquiry is how much has the particular public improvement added to the fair market value of the property, as between a willing seller and a willing buyer, with reference to all the uses to which it is reasonably adapted and for which it is plainly available, prospective as well as present, by strangers as well as by the owner. Chances and probabilities of future use, if sufficiently near in time and definite in kind to be of practical importance, enter into present market value, and so far as they enhance or diminish it are to be given full weight. But where they are so remote as to rest chiefly in the imagination, and do not in fact influence the price which customers would be willing to pay in a present sale, they cannot be the basis of a determina-

tion of benefit or value. *Beals* v. *Brookline*, 174 Mass. 1. See *Smith* v. *Commonwealth*, *post*, 259, and cases there cited.

The report as a whole indicates that the auditor adopted these principles, although he went further than required in stating the speculative benefits, and that he followed the interpretation of R. L. c. 49, § 5, as to special benefits, which was announced in *Cheney* v. *Beverly*, 188 Mass. 81. It was not necessary that before reducing the assessment he should be satisfied that any matters considered by the sewer commission in making the assessment were improper. It was enough to justify his finding if the assessment exceeded the benefit. Nor was he obliged to find the system of assessment unsound as a general rule. It is possible that the plan of assessment may be just and commonly produce equitable results, and yet work so harshly as to a particular estate by reason of its remote location or otherwise, as to produce an assessment largely in excess of the benefit.

R. L. c. 49, § 9, which authorizes an extension of time for the payment of an assessment upon unoccupied land, has no application to an instance where the assessment is in substantial excess of the benefit.

*Exceptions overruled.*

