JOHN P. SAYLES & others *vs.* BOARD OF PUBLIC WORKS OF PITTSFIELD.

Berkshire.     September 14, 1915. — October 14, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Constitutional Law,* Assessments for benefits. *Tax,* Assessments for benefits. *Pittsfield. Way,* Public: assessment for reconstruction.

The provision of the revised charter of the city of Pittsfield contained in St. 1911, c. 732, Part I, § 29, giving the board of public works authority to "construct, reconstruct and repair" any sidewalk on the public streets and ways of that city and to assess one half the amount of the expense "upon all lands especially benefited by such making, reconstruction or repair," is constitutional, there being an implied limitation that the assessment shall be proportional and reasonable.

Under the provision of the revised charter of Pittsfield above described, the reconstruction of a sidewalk that has become worn out may cause a direct and

---

peculiar benefit to an abutter who previously has paid a special assessment for the construction of the sidewalk, and this result does not make the statute unconstitutional, the original construction of the sidewalk and the levying of an assessment for it in no way binding the city not to levy an assessment for its reconstruction later.

RUGG, C. J.   This is a petition for a writ of certiorari * to quash sidewalk assessments laid by the board of public works of Pittsfield.   It is contended that the provision of the revised charter of that city contained in St. 1911, c. 732, Part I, § 29,† by authority of which the respondents acted, is unconstitutional.   The ground upon which this contention is urged is that the method of assessment established by the statute bears no relation to benefits and the assessment may exceed the benefit accruing to the estate assessed.

The particular method of levying this assessment, whether by the front foot, or area, or valuation, or by a combination of one or more of these with others, is not assailed.   Nor are any unusual facts alleged whereby it appears that the statute will operate with singular hardship in its application to cases which may be expected to arise, as in *Weed* v. *Mayor & Aldermen of Boston,* 172 Mass. 28. The petitioners can prevail only on the ground that the statute on its face appears to be in conflict with the fundamental law.

It is established that under our constitution special assessments upon property to defray the cost of local public improvements,

* At the request of the parties the case was reserved by *Crosby,* J., upon the pleadings and an agreed statement of facts for determination by the full court.

† "Section 29.   Said board of public works shall have authority to determine the width and material, including the curbstone, of all sidewalks on the public streets and ways of said city, having due reference to the established grades of said streets and ways; and to construct, reconstruct and repair such sidewalks, in accordance with such determination.   Upon the completion of any sidewalk by said board, or upon the completion of the reconstruction or repair of any sidewalk, said board shall ascertain, determine and certify the whole expense of such making, reconstruction or repair, and shall cause a record thereof to be made and deposited with the city clerk, and shall assess one half the amount of the same upon all lands especially benefited by such making, reconstruction or repair, whether such lands abut upon such sidewalks or not.   They shall have the authority given by law to the selectmen or road commissioners of towns to adjudicate upon the question of damages sustained by an owner of land adjoining such sidewalk, by reason of the construction, reconstruction or repair thereof."

as distinguishable from the general tax levy, are permissible only when based on special and peculiar benefits to the property from the expenditure on account of which the assessment is laid and that they are illegal if in substantial excess of such benefits. *Weed* v. *Mayor & Aldermen of Boston,* 172 Mass. 28. *Sears* v. *Street Commissioners,* 173 Mass. 350, 352. *Dexter* v. *Boston,* 176 Mass. 247. *Lorden* v. *Coffey,* 178 Mass. 489. As was said by Chief Justice Knowlton in *White* v. *Gove,* 183 Mass. 333, at page 336: "If a statute shows on its face that it entirely disregards the relation of the benefits to the taxes to be assessed upon the respective estates, it is plainly unconstitutional. In many cases, however, it is impossible to estimate the amount of benefit with absolute accuracy, and methods of determination must be adopted which are practicable, and which at the same time will give a reasonable approximation to accuracy. The selection of methods is primarily a matter for the Legislature, and much latitude must be allowed it in the exercise of its judgment and discretion in regard to a subject of this kind. It is only when its decision is plainly one that will be likely to result in taxation that is either disproportional or unreasonable that the court can interfere."

The instant statute permits the assessment to be made only upon land "specially benefited," and it requires the assessment to be levied upon all such lands whether abutting upon the sidewalk or not. It recognizes benefits as the basis of the assessment and the relation of benefit to tax thus is established. There is nothing about the statute itself which indicates that the assessments made in compliance with its terms in many supposable instances will be greatly in excess of benefits as in *Dexter* v. *Boston,* 176 Mass. 247.

The statute does not direct the method by which the half of the expense to be assessed shall be apportioned among those liable to the tax. The board of public works are left free to select any legal way. There is an implied limitation that the assessment shall be proportional and reasonable. *Chapin* v. *Worcester,* 124 Mass. 464. *Howe* v. *Cambridge,* 114 Mass. 388. It must be presumed that the board have acted within the law in the absence of definite allegations to the contrary. Indeed, an arithmetical calculation based on the data set forth in the respondents' return demonstrates that the assessment was made upon the several lots of the petition-

ers in substantial accordance with the frontage upon the sidewalk. As in *Sears* v. *Aldermen of Boston*, 173 Mass. 71, 79, "it is implied that . . . the tribunal making assessments will proceed upon correct principles, and assess according to the benefits received." It there was held that as applied to the apportionment of the cost of watering streets, assessments in proportion to the linear feet of each estate upon the street or portion thereof watered was not open to objection in any constitutional sense. Assessments in proportion to measurement of frontage have been sustained in numerous other cases. *Snow* v. *Fitchburg*, 136 Mass. 179. *Leominster* v. *Conant*, 139 Mass. 384. *Dickinson* v. *City Council of Worcester*, 138 Mass. 555. *Stark* v. *Boston*, 180 Mass. 293. *Ward* v. *Aldermen of Newton*, 181 Mass. 432. *Corcoran* v. *Aldermen of Cambridge*, 199 Mass. 5. *O'Connell* v. *First Parish. in Malden*, 204 Mass. 118, 121. *Garden Cemetery Corp.* v. *Baker*, 218 Mass. 339, 342. *Driscoll* v. *Northbridge*, 210 Mass. 151, 154, and cases cited.

The assessment in a reasonable and proportional way upon those specially benefited, of one half the expense of the laying of a sidewalk, is not an unconstitutional exercise of legislative power. Statutes differing in no essential prticular from the one here attacked have been upheld. *Workman* v. *Worcester*, 118 Mass. 168. *Springfield* v. *Gay*, 12 Allen, 612. *Keith* v. *Boston*, 120 Mass. 108. *Snow* v. *Fitchburg*, 136 Mass. 183. The case at bar in principle is indistinguishable from *Cheney* v. *Beverly*, 188 Mass. 81.

If necessary to sustain the constitutionality of the statute, it may be construed as not authorizing an assessment in excess of the special benefit received. *Hall* v. *Street Commissioners*, 177 Mass. 434, 440. *Carson* v. *Brockton Sewerage Commissioners*, 175 Mass. 242; *S. C.* 182 U. S. 398. *Smith* v. *Mayor & Aldermen of Worcester*, 182 Mass. 232, 236. *Cheney* v. *Beverly*, 188 Mass. 81, 84. *Hester* v. *Collector of Taxes of Brockton*, 217 Mass. 422, 424.

It further is contended that it is beyond the constitutional power of the Legislature to authorize the assessment of a part of the cost of the reconstruction of an old sidewalk previously constructed, for which an assessment has been levied. From the record it appears that a concrete sidewalk was built and a part of its cost assessed upon abutters in 1897, and that the present assessment is made on account of a reconstruction ordered and

made in 1914. By the original construction of the concrete side-walk the city did not expressly or impliedly bind itself forever to reconstruct it, as deterioration might require, from general taxes and without expense to the abutter. Whatever under our statutes may be the obligation of the municipality to the travelling public, it owes no such duty to the abutter growing out of the original assessment. The single question is whether subsequent reconstruction of a sidewalk which has become worn out may cause a benefit direct and peculiar to the abutter. It does not seem to us possible to say that it cannot be, when the Legislature by its statute impliedly has determined that it may be a benefit. That it may be such a benefit is inferrible from *Carson* v. *Brockton Sewerage Commissioners*, 175 Mass. 242; *S. C.* 182 U. S. 398, and *Hall* v. *Street Commissioners*, 177 Mass. 434, 438. Apparently such assessments have been levied heretofore without objection on this ground. *Chapin* v. *Worcester*, 124 Mass. 464.

That assessment for the reconstruction of a sidewalk or similar public work may be a special and peculiar benefit to an abutter, notwithstanding an earlier special assessment for the construction which has become outworn, is supported by the great weight of authority. *Field* v. *Barber Asphalt Paving Co.* 194 U. S. 618, 626. *Jelliff* v. *Newark*, 19 Vroom, 101, 107, affirmed in 20 Vroom, 239. *Bush* v. *Peoria*, 215 Ill. 515. *Hackworth* v. *Louisville Artificial Stone Co.* 106 Ky. 234. *Adams* v. *Beloit*, 105 Wis. 363, 374. *Skinker* v. *Heman*, 148 Mo. 349. *Auditor General* v. *Chase*, 132 Mich. 630. 4 Dillon on Mun. Corp. (5th ed.) § 1447 and cases there collected.

*Petition dismissed.*

*M. B. Warner*, (*J. Barker* with him,) for the petitioners.
*J. J. Whittlesey*, for the respondents.